# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**MARY HARMON**                                                                                  **PLAINTIFF**

**V.**                           **CIVIL ACTION NO.1:08CV174-SA-JAD**

**JOURNAL PUBLISHING CO.**                                     **DEFENDANT**

## ORDER

Before the Court is Plaintiff's Motion for Production of Documents and Records and Things Intangible [33] and Plaintiff's Motion for Ineffective Assistance of Counsel [34].

## I. BACKGROUND

Plaintiff filed a complaint on July 11, 2008, alleging sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964. The Court subsequently received notice of settlement negotiations, and, on November 16, 2009, the Court entered an Order [23] dismissing Plaintiff's case by reason of settlement. However, on August 5, 2010, Plaintiff filed a motion requesting that the Court decline to enforce the settlement agreement and reopen the case since Plaintiff allegedly had no knowledge of the case being settled or closed. This Court, on November 22, 2010, issued an Order [29] reopening the case. The Court further set an evidentiary hearing for March 9, 2011, on the issue of the validity and scope of the previous settlement agreement.

## II. ANALYSIS AND DISCUSSION

A. <u>Motion for Production</u>

Plaintiff seeks an order compelling "any and all documents and things intangible in the above style cause" based on the alleged "illegal" acts committed by her previous attorney.[1] Under the Federal Rules of Civil Procedure, a party may serve another party a request to produce "any designated documents" that are in its "possession, custody or control . . . ." FED. R. CIV. P. (a)(1)(A), (a)(1). The request: "(A) must describe with reasonable particularity each item or category of items to be inspected; (B) must specify a reasonable time, place, and manner for the inspection and for performing the related acts; and (C) may specify the form or forms in which electronically store information is to be produced." FED. R. CIV. P. 34(b)(1)(A)-(C). "The response must either state that inspection . . . will be permitted as requested or state an objection to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). Any such objections shall be specific and any portion of the document not objected to shall be permitted inspection. FED. R. CIV. P. 34(b)(2).

If the served party fails to respond, or the responses are so evasive or incomplete as to render them failures to respond under Rule 37(a)(3), the serving party may, after reasonable notice, motion the court to compel a response or production. FED. R. CIV. P. 37(a), (a)(3). Additionally, the motioning party "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. P. 37(a)(1).

Here, there is no evidence that Plaintiff has first attempted to confer in good faith with any party in effort to obtain the discovery she is requesting. Further, the Court is unsure as to what documents and tangible things Plaintiff wishes to compel, as she only states she requests "any and all" documents, records, and intangibles. The Court is mindful that Plaintiff is

---

[1] Plaintiff's counsel was granted leave to withdraw on July 6, 2010 [25].

proceeding pro se. However, "[s]imply choosing to proceed pro se does not alleviate a party's obligation to . . . follow the Rules of Civil Procedure." Alonso v. Agrigenetics, Inc., 2004 WL 2668801, at *3 (S.D. Tex. Nov. 4, 2004) (citing Wynder v. McMahon, 360 F.3d 73, 79 (2d Cir. 2004) and Murray v. City of Tahlequah, Okal., 312 F.3d 1196, 1199 (10th Cir. 2002)). As such, Plaintiff's requests must comport with the Federal Rules, and her motion is denied for failure to do so.

  B.  Ineffective Assistance of Counsel

Plaintiff also brings a motion for ineffective assistance of counsel against her former attorney, Victor Fleitas. Plaintiff's motion is denied as her underlying claim was brought under Title VII of the Civil Rights Act of 1964, a civil proceeding. "The Sixth Amendment right to effective assistance of counsel does not apply to civil proceedings." Sanchez v. U.S. Postal Serv., 785 F.2d 1236, 1237 (5th Cir. 1986); see also Burling v. Simon, 2010 WL 5375946, at *2 (5th Cir. Dec. 29, 2010) ("The constitutional right to effective assistance of counsel does not apply in a civil case.").

### III. CONCLUSION

For the reasons stated above, Plaintiff's motion to compel production is denied as it does not comport with the Federal Rules of Civil Procedure. Further, Plaintiff's motion for ineffective assistance of counsel is likewise denied as that Sixth Amendment right is not applicable in this civil action.

So ordered on this, the __**13th**__ day of January, 2011.

                                              /s/   **Sharion Aycock**
                                              **UNITED STATES DISTRICT JUDGE**